Forchelli, Curto, Deegan,          **Hearing Date: TBD**
Schwartz, Mineo & Terrana, LLP     **Objection Date: TBD**
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. No. (516) 248-1700
Fax No. (516) 248-1729
Gerard R. Luckman
Brian J. Hufnagel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                              Chapter 11

SKIP BARBER RACING SCHOOL LLC,

                                              Case No. 17-35871 (CGM)

                    Debtor.
---------------------------------------------------------x

**MOTION OF THE DEBTOR FOR ORDER SCHEDULING EXPEDITED
HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON
MOTION OF THE DEBTOR FOR ORDER (I) APPROVING BIDDING
PROCEDURES; (II) SCHEDULING BID DEADLINE, AUCTION DATE
AND SALE HEARING AND APPROVING NOTICE THEREOF; AND (III)
APPROVING PROCEDURES RELATED TO ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES AND APPROVING NOTICE THEREOF</u>**

Skip Barber Racing School LLC, debtor and debtor in possession (the "<u>Debtor</u>"), hereby files this motion (the "<u>Motion to Expedite</u>") and accompanying declaration of Michael Culver for entry of an order scheduling an expedited hearing and shortening time for notice of hearing on the Debtor's motion for entry of an Order (a) approving bidding procedures (the "<u>Bidding Procedures</u>"), to be used for the sale (the "Sale") of substantially all of Debtor's assets and personal property (the "<u>Purchased Assets</u>"), (b) scheduling the bid deadline, auction date, and sale hearing and approving the form and manner of notice thereof, and (c) approving procedures to fix cure amounts related to the assumption, sale and assignment of certain executory contracts

and unexpired leases and approving notice thereof (the "Bidding Procedures Motion").  In support of the Motion to Expedite, the Debtor respectfully states as follows:

## BACKGROUND

1. On May 22, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee, examiner or committee of creditors has been appointed in this case.

3. The factual background concerning the Debtor's history, assets and operations, and events leading up to the bankruptcy filing is contained in the Declaration of Michael C. Culver Under Local Rule 1007-2 in Connection with Chapter 11 Filing and in Support of Certain "First Day" Motions ("Culver Declaration") (ECF No. 3), which is fully incorporated herein by reference.

4. The Debtor was founded in 1976 by Skip Barber to teach motor racing.  The Debtor continues to operate a motor vehicle racing school catering to individuals, corporate groups, aspiring competitors and race car drivers through its training and racing schools, race series, and corporate events.

5. The Debtor filed this chapter 11 case so that it could continue to operate while pursuing a sale of its assets.  The Debtor intends to reorganize by selling its business as a going concern through an auction process under the supervision of the Bankruptcy Court.

6. The Debtor is presently managed by Michael C. Culver who is the majority membership interest holder of the Debtor.  The Debtor employs approximately 20 people.

7. Despite the Debtor's robust marketing process prior to the bankruptcy filing, to date, none of the interested potential bidders has come forward to serve as a stalking horse for the Sale process. So, in the interests of time, and in order to maintain maximum flexibility with respect to the Sale, the Debtor has opted to push forward with the auction process. The Debtor believes that, once bid deadlines and procedures are in place, interested parties will commit and that a competitive bidding process will result.[1]

8. The Sale of the Purchased Assets contemplated herein is subject to a competitive Auction process that will assure that the maximum value for the Purchased Assets will be realized for the Debtor's estate and its creditors. Additionally, as the Debtor is operating post-petition on a tight budget, to maximize the value of these assets, it is essential that the auction process move quickly.

## RELIEF REQUESTED AND BASIS FOR RELIEF

9. Pursuant to Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor must provide at least twenty (21) days' notice of the Bidding Procedures Motion to all creditors and interested parties. Bankruptcy Rule 9006(c)(l) provides, in relevant part, that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(2) states that the Court may not reduce the time for taking action under certain other bankruptcy rules, none of which is applicable here.

---

[1] A form of stalking horse contract was sent to an interested bidder. To date, the Debtor has not received comments back on the form of contract. Under the Bid Procedures, the Debtor reserves the right to select a stalking horse purchaser, with bid protections not to exceed a break-up fee of 3%, in the event that the Debtor believes that it is in the best interest of the estate to offer such protections and People's Bank, its senior secured lender consents to such bid protections.

-3-

10. By this Motion to Expedite, the Debtor requests that the Court schedule an expedited hearing and limit time for notice of hearing on the Bidding Procedures Motion. The Debtor contends that it is essential that a hearing on shortened time be held on the Bidding Procedures Motion and that cause exists. As set forth in the Bidding Procedures Motion, the Debtor's seeks to establish the bidding and auction procedures under the Bidding Procedures and create a timeline for the Debtor to continue to market the Purchased Assets, permit interested parties to conduct due diligence and entertain Qualified Bids from potential purchasers. It is in the best interests of the Debtor's estate that the Bidding Procedures be approved as early as possible so that the Debtor can continue its marketing efforts and provide interested parties with a timeline for the Sale process.

11. Furthermore, the terms of the Interim Cash Collateral Order (ECF No. 14) provide a timeline for the conduct of the Sale process. Specifically, the Debtor is required to identify a purchaser for substantially all of its assets at the conclusion of a Court-approved auction which shall occur within sixty (60) days of the Petition Date. Scheduling an auction for July 20, 2017 will meet that target.

12. The Debtor proposes the following schedule for the sales process:

| | |
|---|---|
| **General Bid Deadline:** | July 18, 2017 at 5 p.m. (prevailing ET) |
| **Auction:** | July 20, 2017 at 10:00 a.m. (prevailing ET) |
| **Sale Hearing:** | July 24, 2017 at 11:00 a.m. (prevailing ET) |
| **Sale Closing:** | on or before July 31, 2017 |

13. Finally, there is already a Court hearing scheduled in this case for July 24, 2017.

14. Accordingly, the Debtor submits that cause exists for the Bidding Procedures Motion to be heard on an expedited basis and on shortened notice.

15. Therefore, the Debtor hereby respectfully request that the Bidding Procedures Motion be heard on or before June 23, 2017. If the Court is not inclined to schedule a hearing on the Motion on June 23, 2017, then the Debtor requests that the Bidding Procedures Motion be set on a date at the Court's earliest convenience.

16. Copies of this Motion to Expedite and the Bidding Procedures Motion are being provided, via overnight mail, electronic mail, facsimile, or hand delivery to the Office of the United States Trustee, counsel for People's United Bank, N.A. and counsel to CMS Mezzanine Debt Subpartnership.

17. If the Court grants this Motion to Expedite, a copy of the entered order approving this Motion to Expedite, together with notice of the Bidding Procedures Motion shall be served on <u>all creditors</u> as set forth in the Bidding Procedures Motion.

WHEREFORE, the Debtor respectfully requests the entry of an order, in the form submitted herewith, scheduling an expedited hearing on or before June 23, 2017 and shortening the time for notice of the hearing on the Bidding Procedures Motion.

Dated: Uniondale, New York
       June 20, 2017

                               Respectfully Submitted,

                               Forchelli, Curto, Deegan, Schwartz,
                               Mineo, Cohn & Terrana, LLP
                               Attorneys for Debtor/
                               Debtor-in-Possession

                   By:    /s/ Gerard R. Luckman
                               Gerard R. Luckman
                               The Omni
                               333 Earle Ovington Blvd., Suite 1010
                               Uniondale, New York 11553
                               Tel. No. (516) 248-1700
                               Fax. No. (516) 248-1729